UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN PATRICK CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-1216 JAR |
| | ) |
| MELANIE NICHOLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dustin Patrick Curtis, an inmate at the St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess an initial partial filing fee and after payment of that fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

Review of the State of Missouri's online docketing system shows that plaintiff was recently a defendant in a criminal case in the Circuit Court for St. Charles County. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). On December 19, 2019, plaintiff plead guilty to charges of kidnapping in the second degree, domestic assault in the second degree, domestic assault and unlawful use of a weapon. The Honorable Ted House, who is named as a defendant in the instant matter, was the presiding judge. Plaintiff was sentenced on January 9, 2020, to seven years in the Missouri Department of Corrections, with one of those years consisting of a long-term treatment program for substance abuse issues.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Judge House and Dr. Melanie Nichols. Plaintiff sues the defendants in their official and individual capacities. Plaintiff alleges as follows.

During plaintiff's criminal action, the Honorable Ted House ordered plaintiff to undergo a mental health examination to determine his competency to stand trial. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). The motion for a competency exam came at the request of plaintiff's counsel, filed on June 13, 2018.

3

In the instant action, plaintiff asserts that his counsel requested the mental examination because he "wouldn't take any of the State's plea deals, and [he] couldn't afford to pay [his] lawyer the other $22,000 he wanted for trial." Plaintiff claims that in this fashion, his lawyer wanted to continue his trial.

Plaintiff's lawyer filed a motion to withdraw in his criminal action on August 23, 2018. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018). A hearing was held on the matter on October 2, 2018, and the motion to withdraw was granted on that date. On October 5, 2018, the Court made a finding that plaintiff was indigent and assigned him a public defender. On October 16, 2018, Melanie Nichols, a Forensic Psychologist assigned to complete plaintiff's pretrial competency exam, requested an extension of time until December 11, 2018 to do so. The request for continuance was granted. *Id.*

The results of the competency exam were filed under seal in plaintiff's criminal case on November 13, 2018. Plaintiff was committed to the Missouri Department of Mental Health due to incompetency to proceed in his criminal action on November 15, 2018. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018).

The results of a second competency exam, done by the staff at Fulton State Hospital, were filed by plaintiff's assigned attorney on July 10, 2019. Plaintiff was found competent to proceed in his criminal case at that time, and his case was set for jury trial on January 13, 2020. *Id.* However, plaintiff decided to plead guilty on December 19, 2019, rather than take his case to trial. *Id.*

In his complaint, plaintiff alleges that psychologist Melanie Nichols denied him due process when she found him incompetent to stand trial in December of 2018. He asserts that her opinion that he was delusional was wrongly based on the fact that she was unable to attain his financial records at the time of his competency exam. Plaintiff complains that Dr. Nichols opinion

as to his competency should not hold more weight than his financial documents he filed with the Court.[1]

Plaintiff also states that his jury trial rights were denied when he was placed in the Department of Mental Health and he was defamed when he was called "delusional." Last, plaintiff asserts that he was unable to meet the bond set during the time he was held on detainer by the Department of Mental Health. However, there is no indication that bond was set during the time he was held by the Department of Mental health as he was being held as "incompetent to stand trial" at that time.

For relief, plaintiff requests the right to "go through the pretrial motion process [so that he] can prove" his innocence. Plaintiff also requests that his case be moved from state to federal court. Plaintiff seeks $1 million in monetary damages.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Plaintiff appears to be asserting that Dr. Nichols disbelieved his assertions as to his finances.

As noted above, plaintiff has already plead guilty to the state criminal case underlying the present action. And a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). As plaintiff has been found guilty of the crimes for which he is seeking damages in this action, the Court must dismiss his case as *Heck*-barred.

Additionally, plaintiff's allegations against Dr. Nichols fail to state a claim because they merely reflect plaintiff's disagreement with Nichols' treatment decisions, his belief he should not have been found to be incompetent, or, at most, that Dr. Nichols committed medical malpractice. Such allegations do not establish a constitutional violation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) ("a mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Long v. Nix*, 86 F.3d 761, 765-66 (8th Cir. 1996) (internal citations omitted) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); *Estelle*, 429 U.S. at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner").[2]

---

[2]To state a claim of medical negligence, also referred to as medical malpractice, plaintiff must allege the following three elements: (1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently, and (3) the act or omission caused plaintiff's injury. *See Mueller v. Bauer*, 54 S.W.3d 652, 656 (Mo. Ct. App. 2001). Under Missouri Revised Statute § 538.005, however, plaintiff's complaint must be accompanied by an affidavit from a legally qualified health care provider stating his or her opinion that the defendant was negligent. *See* Mo. Rev. Stat. § 538.225.1. Such an affidavit must be filed no later than ninety days after filing the complaint. *Id.* Because plaintiff has not filed any health care affidavit under Missouri law, plaintiff's state law medical negligence claim is subject to dismissal. *See* Mo. Rev. Stat. § 538.225.6.

Moreover, to the extent plaintiff is asserting that he was defamed by Dr. Nichols by being found to be incompetent for trial, his assertions also fail to state a claim for relief. Under Missouri law, a plaintiff must show six elements in order to make a sufficient claim for defamation. These elements are: 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Overcast v. Billings Mutual Insur. Co.,* 11 S.W.3d 62, 70 (Mo. 2000) (en banc). Plaintiff has failed to allege that the statements made by Dr. Nichols were published outside of the state court's sealed docketing system. This failure is fatal to his defamation claim against Dr. Nichols.

Last, plaintiff asserts he was denied due process by Dr. Nichols and Judge House when his state court proceedings were placed on hold during the time period in which he was temporarily held incompetent to stand trial. The gist of plaintiff's claim appears to be that his speedy trial rights under Missouri state law were violated. Plaintiff also claims that he was unable to meet the bond set during the time he was placed on a competency hold by the Court and the Department of Mental Health.

All of plaintiff's claims against Judge House are raised against him in his judicial capacity. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12. All of Judge House's allegedly unlawful actions were judicial in nature – including the order

finding plaintiff temporarily incompetent to stand trial, setting plaintiff's bond, and allegedly placing plaintiff's speedy trial rights on hold during the time period plaintiff was held by the Department of Mental Health. Further, Judge House, acting as a Circuit Judge in the 11th Judicial Circuit Court in St. Charles County, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 17.

Judicial immunity applies "even when the judge is accused of acting maliciously." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge House acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. As such, plaintiff's claims against Judge House are frivolous.

There is no accusation or indication that Dr. Nichols was personally involved in making the determination as to plaintiff's speedy trial rights or competency hold. Such a decision would have been up to Judge House, and he has judicial immunity in this action. However, even if Dr. Nichols were to be said to be involved in such a determination, the Court has determined above, that plaintiff has failed to state a constitutional claim as to his disagreement with Dr. Nichols relating to her determination that he was incompetent to stand trial. Additionally, "[t]he failure to put an accused to trial because of his mental incompetency does not deprive him of the right to a speedy trial under the guarantee of the Sixth Amendment to the Constitution of the United States." *State v. Kent*, 515 S.W.2d 457 (Mo. 1974). And it would deny plaintiff due process to convict plaintiff while he was legally incompetent. *See State v. Brown*, 502 S.W.2d 295 (Mo. 1973), citing *Brown v. State,* 485 S.W,2d 295 (Mo. 1972). For these reasons, the Court finds the plaintiff's claims are subject to dismissal.

Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint could not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of January, 2020.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**